39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dalton Loyd WILLIAMS, Plaintiff-Appellant,
v.
William PRICE; Department of Corrections, State of
Colorado, Defendants-Appellees.
 No. 94-1221.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se prisoner case under 42 U.S.C.1983. Upon the recommendation of the magistrate, the district court dismissed the complaint, and Plaintiff appealed.[2] On March 10, 1993, the United States District Court for the District of Colorado granted Plaintiff-Appellant Dalton Loyd Williams ("Williams") leave to file his section 1983 complaint in forma pauperis, pursuant to 28 U.S.C.1915. Williams then attempted to amend his complaint by filing a "supplemental complaint" on May 25, 1993. On May 26, the magistrate for the district court recommended that Williams's complaint be dismissed. While it is not entirely clear, it appears that the magistrate based this recommendation solely on Williams's original complaint, without any reference to the supplemental or amended complaint filed the day before. Williams then filed a response and objection to the magistrate's recommendations, referring to his supplemental complaint and the issues raised therein. On April 30, 1994, the district court dismissed Williams's complaint sua sponte, pursuant to 28 U.S.C.1915(d).[3]
 
 STANDARD FOR DISMISSAL UNDER 28 U.S.C.1915(d)
 
 3
 In his recommendation for dismissal, the magistrate stated that "[a] complaint must be dismissed if, accepting the allegations as true, it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief." R.O.A. Doc. 1 at 1 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). However, this standard applies to a motion for dismissal pursuant to Fed.R.Civ.P. 12(b)(6), see Scheuer, 416 U.S. at 236, not to a sua sponte dismissal of an in forma pauperis complaint as frivolous under 28 U.S.C.1915(d). A complaint that fails to state a claim under Rule 12(b)(6) is not automatically frivolous within the meaning of 28 U.S.C.1915(d). Neitzke v. Williams, 490 U.S. 319, 320 (1989). Instead, an in forma pauperis complaint may only be dismissed as frivolous under 28 U.S.C.1915(d) if it embraces "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." Id. at 325. A legal claim may be sufficiently arguable to avoid dismissal as frivolous even if it would be dismissed for failure to state a claim on a close question of law. Id. at 328-29. The order of the district court did not provide the legal standard for its dismissal; however, the order appears to adopt the recommendations of the magistrate. Inasmuch as the magistrate applied an incorrect legal standard for a sua sponte dismissal of an in forma pauperis complaint, we assume that the district court applied this same incorrect standard. In any event, we review the district court's dismissal of Williams's complaint under the appropriate standard for frivolousness as defined in Neitzke.
 
 APPELLATE STANDARD OF REVIEW
 
 4
 We review a district court's dismissal pursuant to 28 U.S.C.1915(d) for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), liberally construing a plaintiff's pro se pleadings, Haines v. Kerner, 404 U.S. 519, 520 (1972). In reviewing a section 1915(d) dismissal for abuse of discretion, the Supreme Court has suggested that a court of appeals should consider (1) whether the plaintiff was proceeding pro se; (2) whether the court inappropriately resolved genuine issues of disputed fact; (3) whether the court applied erroneous legal conclusions; (4) whether the court has provided a statement explaining the dismissal that facilitates intelligent appellate review; and (5) whether the dismissal might prejudice further in forma pauperis filings on the same matter and whether any defects in the complaint might be cured by allowing amendment. Denton, 112 S.Ct. at 1734.
 
 WHETHER WILLIAMS'S COMPLAINT WAS FRIVOLOUS
 
 5
 Because Williams's pro se complaint must be construed liberally, we will look to his supplemental complaint to the extent that it assists us in understanding the original.[4] In Williams's original complaint, he simply alleges that he was placed in administrative prison segregation and deprived of rights and privileges without due process. As the magistrate correctly stated, administrative segregation, by itself, does not give rise to due process rights. See Hewitt v. Helms, 459 U.S. 460, 468 (1983). However, Williams's supplemental complaint and objection to the magistrate's recommendation further explain that his due process claim is based on rights granted by Colorado Department of Corrections Regulations. R.O.A. Doc. 6 at 7, Doc. 9 at 2. These Regulations provide for specific administrative segregation procedures including: notice to inmates, standards for evidence and burdens of proof, rules on the use of confidential informants, and rights of inmates at administrative segregation hearings. Colorado Department of Corrections, AR 600-2 1/2 6 (previously DOC Regulation 202-2).
 
 
 6
 Williams argues that these regulations granted him a liberty interest, which the state could not then deprive him of without due process as defined by the regulations themselves. Williams further argues that the state's actions in placing him in administrative segregation did not comport with this due process. While the district court might properly determine, after its review of the regulations in question as well as the applicable law, that the state of Colorado has not granted rights to Williams which amount to a liberty interest subject to due process, we cannot say that Williams's argument to the contrary is "inarguable." In fact, state prison regulations have sometimes been found to give rise to such a liberty interest. See, e.g., Hewitt, 459 U.S. at 471-72; Wolff v. McDonnell, 418 U.S. 539, 556-57 (1974). Thus, we believe that the district court, following the recommendation of the magistrate, drew an erroneous legal conclusion when it found that Williams, "[a]s a matter of pure constitutional law, ... [had] no protectable interest" based on his complaint. See R.O.A. Doc. 8 at 2.
 
 
 7
 The other Denton factors also lead us to hold that the district court abused its discretion in this case. First, Williams is proceeding pro se. Second, the district court inappropriately attempted to resolve what is at this stage a genuine issue of disputed fact when it found that Williams had received an "adequate hearing." Third, the district court provided very little reasoning for its dismissal, leaving this court with little to review, other than the recommendation of the magistrate. Again, that recommendation applied the wrong standard for dismissal and failed to recognize the possibility that Colorado law created a liberty interest subject to due process. Lastly, Williams has asked the district court to allow him to amend his original complaint. A dismissal could prejudice his future right to bring this claim in forma pauperis, whereas allowing Williams to amend his complaint might cure any defects in the original.[5]
 
 
 8
 We are mindful of the problems in judicial administration caused by the filing of numerous in forma pauperis complaints in federal courts; however, we are also mindful of the congressional intent to ensure that indigent litigants have meaningful access to the federal courts through 28 U.S.C.1915. See Neitzke, 490 U.S. at 324, 326. We believe the district court abused its discretion and denied Williams that access by prematurely dismissing his complaint. Therefore, we REVERSE and REMAND to the district court with instructions to allow Williams to amend his original complaint based upon his supplemental complaint of May 25, 1993, and to require the Defendants to answer Williams's amended complaint.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We hereby grant Plaintiff's motion for leave to file his appeal in forma pauperis, pursuant to 28 U.S.C.1915
 
 
 [3]
 Neither the magistrate's recommendation nor the district court's order make reference to 28 U.S.C.1915(d); however, we presume this was the statutory basis for the court's sua sponte dismissal
 
 
 [4]
 Williams also raises a number of additional claims in his supplemental complaint, as well as two subsequent requests for injunctive relief. We have not looked to these additional claims in order to determine whether Williams's original complaint should be dismissed. However, as discussed infra, we believe that Williams should have an opportunity to bring appropriate claims through an amendment to his original complaint
 
 
 [5]
 Fed.R.Civ.P. 15 also provides for liberal allowance of amendments to complaints